**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GRACIANO TIRADO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>　　　　Respondents. | Civil No. 10-3408 (JAP)<br><br>**OPINION** |

**APPEARANCES**:

　　GRACIANO TIRADO, Petitioner pro se
　　# 472386
　　New Jersey State Prison
　　Second and Cass Streets, P.O. Box 861
　　Trenton, New Jersey 08625

**PISANO, District Judge**

　　Petitioner, Graciano Tirado, a state prisoner presently confined at the New Jersey State Prison in Trenton, New Jersey, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner names the State of New Jersey and the New Jersey Department of Corrections as the party respondents in this matter.

　　Petitioner submitted the following motions in connection with his habeas petition: (1) motion to amend parties, defendant-respondent; (2) motion to compel joinder of third-party as necessary party; (3) motion to set aside judgment for lack of

jurisdiction; and (4) motion for release of vessel or property. (Docket entry no. 1-2). Petitioner also filed, at a later time, the following motions for relief: (5) motion for default judgment (docket entry no. 5); (6) motion for preliminary injunction (docket entry no. 6); (7) motion for summary judgment (docket entry no. 8); (8) motion for a writ of habeas corpus ad testificandum (docket entry no. 9); (9) motion to compel defendants to serve answers (docket entry no. 10); and (10) motion for judicial performance and clarification on cause (docket entry no. 11).  These motions are being considered on the papers pursuant to Fed.R.Civ.P. 78.

For the reasons set forth below, the habeas petition will be dismissed at this time, and Petitioners' motions will be denied as moot.

I.   BACKGROUND

Petitioner filed this habeas petition on or about July 6, 2010.  He paid the filing fee on July 15, 2010.  Petitioner alleges that he is challenging his New Jersey state court conviction and sentence, entered on or about December 12, 2003, before the Superior Court of New Jersey, Law Division, Middlesex County.  He was found guilty by jury trial on charges of murder and possession of a weapon for an unlawful purpose.

Petitioner filed a direct appeal before the Superior Court of New Jersey, Appellate Division.  He asserted claims of

prosecutorial misconduct in attacking the credibility of defense psychologists, and that his conviction for possession of a weapon for an unlawful purpose should have been merged into the conviction for murder.  By Opinion filed on February 6, 2006, the Appellate Division affirmed the conviction but remanded the matter for amendment of the judgment of conviction to reflect the merger of count two into count one.  The Supreme Court of New Jersey denied certification on April 28, 2006.  Petitioner did not file a writ of certiorari with the Supreme Court of the United States.

On May 26, 2006, Petitioner filed a petition for post-conviction relief ("PCR") in state court, claiming that he was denied effective assistance of trial and appellate counsel.  The PCR petition was denied on March 14, 2007, and Petitioner appealed.  The Appellate Division affirmed denial of the PCR petition on July 17, 2009.  The Supreme Court of New Jersey denied certification on October 28, 2009.

On or about July 6, 2010, Petitioner timely filed this habeas petition pursuant to 28 U.S.C. § 2254.  Petitioner asserts the following claims in his § 2254 habeas form:

(1) There was no "in rem" remedy available in state court.

(2) There is an absence of state corrective process in that Petitioner was denied the opportunity to raise a matter of

substance, namely, that his trial proceedings were not "inpropia persona."

    (3) There is a controversy in law and equity. (Petition at ¶¶ 12).

    Petitioner refers to his Memorandum of Law in support of his claims for habeas relief.  The Court notes that Petitioner's memorandum and numerous applications and motions for relief are incomprehensible, incoherent, delusional and contrived legal arguments without any basis in law or fact.  For instance, Petitioner appears to bring this habeas action "in admiralty." He states that he is a "man" and not a "person", a "sovereign in a collective capacity with other sovereigns," and that his sovereignty is not subject to New Jersey law.  Further, Petitioner seeks to remove his signature from any contract affidavit or other adhesion because as a Christian he can make no oath.  He also claims that he is a "vessel" of the United States, apparently to bring this action under admiralty law.  Petitioner is protesting the State of New Jersey's "contract" or judgment of conviction because it violates Article 1, Section 10 of the United States Constitution.  He denies the corporate existence of the State of New Jersey, its courts, public defenders, prosecutors and correctional department.  In essence, Petitioner appears to claim that the State of New Jersey had no jurisdiction

to convict him and that his conviction is a void judgment and his sentence should be vacated.

Petitioner further argues that his judgment of conviction is null and void as the state court never acquired legal jurisdiction because the "man" is immune and exempt from state jurisdiction. He states that the "'third party intervener' for petitioner, is not in co-business partnership with the ALL CAPITAL NAME/VESSEL/ STRAW MAN/NOM DE GUERRE/IDEM SONAN/TIRADO, GRACIANO/GRACIANO TIRADO, and the human of flesh and blood, man is not the 'person' liable for such 'counts/charges.'" (Memorandum at ¶ 33). He asserts violations of the Thirteenth Amendment and Fourteenth Amendment, human rights violations, that the State of New Jersey lacked state legislative, territorial or admiralty jurisdiction over the "locus quo." These various claims fail to allege any facts to support Petitioner's contrived legal arguments of non-jurisdiction.

Petitioner also claims that his continued custody at the New Jersey State Prison constitutes cruel and unusual punishment in violation of the Eighth Amendment, making general allegations of air quality, lack of hot water, weight gain, and high blood pressure. He asks that defendants cease and desist in collecting debt from him.

Petitioner moves to amend his petition to name the State of New Jersey Legislature as a party respondent because the

"Legislature are the visitors of all corporations founded by them for public purposes."  He also moves to compel joinder of the Legislative Counsel as a Third party necessary party. Petitioner's motions to set aside judgment and to release the vessel are construed as a petition for habeas relief since Petitioner ultimately challenges his conviction and seeks release from prison.

On August 16, 2010, Petitioner filed a motion for entry of default against all respondents for failure to serve responsive pleadings.  (Docket entry no. 5).  On September 17, 2010, Petitioner filed a declaration in support of his request for entry of default.  (Docket entry no. 7).

On August 17, 2010, Petitioner filed a motion for a preliminary injunction (docket entry no. 6), seeking an Order to compel respondents to release him from illegal imprisonment and desist from enforcing a void judgment against him.  On September 30, 2010, Petitioner filed a motion for summary judgment, arguing that respondents have defaulted.  (Docket entry no. 8).

On October 22, 2010, Petitioner filed a motion for an Order to show cause why judgment has not been entered against respondents for failure to respond to his petition.  (Docket entry no. 9).  On October 27, 2010, Petitioner filed a motion for an Order directing respondents to file and serve answers. (Docket entry no. 10).  Finally, on November 16, 2010, Petitioner

6

filed a motion for judicial performance and clarification on cause with respect to his habeas petition.

## II. STANDARDS FOR SUA SPONTE DISMISSAL

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

Indeed, under statute, a court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Further, under Rule 4 of the Rules Governing Section

2254 Cases in the United States District Court, a district court may summarily dismiss a habeas petition, before the respondent files an answer, "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." Rules Governing § 2254 Cases.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

Moreover, "[h]abeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

### III.  DISCUSSION

Here, the Court finds that the Petition asserts claims for habeas relief which are nothing more than a delusory contrivance by Petitioner in an attempt to void his state judgment of conviction.  Petitioner contends that he is a sovereign, not subject to New Jersey law; that he is a "man" and not a "person" subject to in personam jurisdiction; and that he is a "man"

immune and exempt from state jurisdiction.  He further purports to call himself a "vessel" or "straw man", perhaps to assert that the State of New Jersey had no jurisdiction over him under admiralty law.

These allegations are similar to some extent to the "Redemptionist" theory, a practice followed by Moorish-American citizens to evade the laws of this country.  See Monroe v. Beard, 536 F.3d 198, 203 and nn. 3 and 4 (3d Cir. 2008).  The United States Court of Appeals for the Third Circuit noted that the "Redemptionist" theory "propounds that a person has a split personality: a real person and a fictional person called the strawman."  Id.  In particular, the Third Circuit discussed the "redemptionist" theory in the context of a wide-spread criminal scheme based on the scheme participants' self-legitimization of their names for the purposes of initiating fraudulent legal transactions, by filing fraudulent UCC financing forms to perfect security interests in property.[1]  Id.  The Third Circuit observed:

> "Redemptionists claim that government has power only over
> the strawman and not over the live person, who remains free
> [and, thus,] individuals can free themselves by filing UCC
> financing statements, thereby acquiring an interest in their
> strawman.  Thereafter, [pursuant to this "theory,"] the real

---

[1] While it is plain that Petitioner is trying to create a fictional dichotomy to avoid his judgment of conviction, it does not appear to the Court that Petitioner has ascribed to the "redemptionist" theory so as to initiate fraudulent transactions to harm government officials, as found in the Monroe case.

9

>    person can demand that government officials pay enormous
>    sums of money to use the strawman's name or, in the case of
>    prisoners, to keep him in custody.  If government officials
>    refuse, [adherents of this scheme] file liens against
>    [government officials]. Adherents of this scheme also
>    advocate that [they] copyright their names to justify filing
>    liens against officials using their names in public records
>    such as indictments or court papers.

Id.

Here, it is evident that Petitioner is attempting to void his state court judgment of conviction by suggesting that he has sovereign immunity as a "man" separate from the fictional entity of Graciano Tirado, that there was no in personam jurisdiction over the "man", and that he cannot be held liable for the legal consequences of the "straw man" Graciano Tirado.  Essentially, Petitioner is gratuitously asserting that state laws do not apply to him.

This argument has absolutely no legal basis.  Therefore, the request for habeas relief must be summarily dismissed.

Alternatively, this Court finds that the habeas petition must be dismissed for failure to exhaust state court remedies.  A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[2]  28 U.S.C. § 2254(b)(1).  See also

---

[2] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte

Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868

---

Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. 28 U.S.C. § 2254(c).

In the present case, Petitioner has failed to exhaust his state court remedies with respect to the challenged state court conviction and sentence on the grounds he attempts to raise herein. Both on direct appeal and state PCR review, Petitioner's

present claims were not raised or presented to the New Jersey state courts, at any level, for review. See State v. Tirado, 2005 WL 3736049 (N.J. Super. App. Div. Feb. 6, 2006); State v. Tirado, 2009 WL 2059727 (N.J. Super. App. Div. July 17, 2009). Petitioner tries to overcome this exhaustion bar by arguing that there is no "in rem" remedy available in state court, and that there is an absence of state corrective process because his trial proceeding were not "inpropia persona." But these arguments are fallacious and disingenuous at best.

Therefore, as a matter of comity, it is best left to the New Jersey courts to determine Petitioner's constitutional claims and other challenges to his conviction, which he raises herein, because these claims have not yet been exhausted. Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254. See Rose, 455 U.S. at 510.

Because the habeas petition is being dismissed at this time, Petitioner's motions filed with his petition, that is, (1) motion to amend parties, defendant-respondent; (2) motion to compel joinder of third-party as necessary party; (3) motion to set aside judgment for lack of jurisdiction; and (4) motion for release of vessel or property, (Docket entry no. 1-2); as well as his later filed motions: (5) motion for default judgment (docket entry no. 5); (6) motion for preliminary injunction (docket entry no. 6); (7) motion for summary judgment (docket entry no. 8); (8) motion for a writ of habeas corpus ad testificandum (docket entry

13

no. 9); (9) motion to compel defendants to serve answers (docket entry no. 10); and (10) motion for judicial performance and clarification on cause (docket entry no. 11), will be denied as moot.

Finally, the Court notes that Petitioner appears to be asserting various claims under the Eighth Amendment with respect to the conditions of his confinement as constituting cruel and unusual punishment, namely, poor air quality, lack of hot water, poor diet and medical care, and collection of debt from him. These claims are more properly construed as an action under 42 U.S.C. § 1983, as they relate to Petitioner's conditions of confinement, and as such, these claims cannot be combined in this habeas petition. However, Petitioner may file a separate § 1983 action and pay the applicable $350.00 filing fee, or submit an application to proceed in forma pauperis under 28 U.S.C. § 1915(a)(2), to the extent he wishes to redress these alleged constitutional injuries by means of relief other than seeking his release from prison.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

   Here, jurists of reason would not find the court's procedural disposition of this case debatable.  Moreover, for the reasons discussed above, this Court's review of the claims advanced by Petitioner demonstrates that he has failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue.  Thus, this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

V.   CONCLUSION

For the foregoing reasons, this Court finds that the habeas petition lacks merit and, alternatively, that Petitioner has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  Accordingly, the Court will dismiss this § 2254 habeas petition without prejudice.  No certificate of appealability will issue, insofar as petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  Finally, Petitioner's numerous motions will be denied as moot.


/s/ JOEL A. PISANO
JOEL A. PISANO
United States District Judge

DATED: March 28, 2011